IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-cr-40064-JPG |
| | ) | |
| FRANK R. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Frank R. Johnson's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 68).

Johnson pled guilty to an indictment alleging one count of conspiracy to distribute heroin.   At sentencing on February 20, 2015, the Court found by a preponderance of the evidence that Johnson's relevant conduct was 825 grams of heroin, which under U.S.S.G. § 2D1.1[1] yielded a base offense level of 28.   His offense level was increased by two points under U.S.S.G. § 3B1.1(c) for Johnson's leadership role in the offense and was reduced by three points under U.S.S.G. § 3E1.1(a) and (b) because Johnson timely demonstrated acceptance of responsibility for his offense.   This established a total offense level of 27 which, considering Johnson's criminal history category of III, yielded a sentencing range of 87 to 108 months in prison.   The Court imposed a sentence of 108 months.   Johnson now asks the Court to apply Amendment 782 to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has

---

[1]Unless otherwise noted, the references to the guidelines in this order are to the 2014 version of the U.S.S.G., including Amendment 782, which became effective November 1, 2014.

subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   In doing so,

the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction

"is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. §

3582(c)(2).   Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:

(1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the

reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

If the defendant cannot satisfy the first criterion, the Court cannot grant the reduction request.   *See*

*United States v. Taylor*, 778 F.3d 667, 762 (7th Cir. 2015).

The Court cannot grant Johnson's reduction request because he cannot satisfy the first criterion.

Johnson was not "sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C.

§ 3582(c)(2).   The Sentencing Commission promulgated Amendment 782 to amend U.S.S.G. §

2D1.1(c) as of November 1, 2014, to lower base offense levels associated with various drug amounts.

However, contrary to Johnson's assertions, Johnson's February 20, 2015, sentence was calculated using

Amendment 782 and already reflects the reductions implemented by that guideline amendment.   Thus,

his sentencing range has not "subsequently been lowered by the Sentencing Commission pursuant to 28

U.S.C. 994(o)."   18 U.S.C. § 3582(c)(2).

Because Johnson cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a

sentence reduction, the Court cannot grant his reduction request.   *See Taylor*, 778 F.3d at 762.   The

Court therefore **DENIES** his motion (Doc. 68).

**IT IS SO ORDERED.**
**DATED:   July 31, 2015**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**